**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00334-SPM |
| | ) | |
| ACCESS SERVICES INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee.[1] Upon consideration of the financial information provided with the motion, the Court will grant the motion. Additionally, for the reasons discussed below, plaintiff's action will be dismissed for lack of venue.

### The Complaint

Plaintiff is a self-represented litigant who filed the instant civil action against defendant Access Services, Inc., a California public transit agency based in Los Angeles. *See* ECF No. 3-1 at 1. Plaintiff indicates his mailing address is in Los Angeles, California, and defendant's mailing address is in Culver City, California. *See* ECF No. 1 at 2. The events complained of occurred in

---

[1] The Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

California. Plaintiff has not identified why he believes venue should lie in the District Court for the Eastern District of Missouri.

Plaintiff states that he originally brought this action in the District Court for the Eastern District of Wisconsin. Because this was the wrong venue, the Court transferred the case to the District Court for the Central District of California. *See* ECF No. 3-1. Plaintiff states that this transfer "blackballed" him, presumably because his is under filing restrictions in the Central District of California. He therefore requests that the case proceed here, in the Eastern District of Missouri.

Plaintiff's allegations are unclear, but he seems to allege that Access Services should have scheduled an evaluation date for renewal of his paratransit access card—a form of identification that allows people with disabilities to access paratransit services. *Id.* Plaintiff's paratransit access card was set to expire on August 31, 2022. Plaintiff states that defendant declined to schedule an evaluation date within a reasonable time, did not respond to his administrative complaint, and refused to work with him to issue a renewal card. *Id.* Because of this, Plaintiff's identification card was not renewed and his status expired on August 31, 2022.

**Discussion**

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried his burden of establishing venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, plaintiff does not claim that any of the parties reside in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his claims occurred here. Thus, venue clearly is not proper in this Court under § 1391(b).

Section 1406 allows this Court to dismiss or transfer a case filed in the wrong district. However, it does not appear to be in the interest of justice to transfer this case to California where this action should have been brought because plaintiff must first comply with the filing restrictions in the California federal courts. *See e.g.*, *Greene v. Price Self Storage W. LA, LLC*, 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.). Additionally, the District Court for the Eastern District of Wisconsin, where plaintiff originally filed this suit, has already transferred this case to California. *See* ECF No. 3-1. But plaintiff states he has been "blackballed" there, which is why he chose to bring it in the Eastern District of Missouri.

Because venue does not lie in the Eastern District of Missouri and because the interest of justice does not support transferring the case to California, the Court will dismiss this action for improper venue. *See* 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for improper venue. *See* 28 U.S.C. §1406(a).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of  March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE